JOHN E. DILLON

*vs.*

METROPOLITAN LIFE INSURANCE COMPANY.

Piscataquis.      Opinion, December 2, 1933.

*Edward P. Murray*, for plaintiff.
*F. Harold Dubord*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.    This is an action to recover indemnity under an accident insurance policy. After a verdict for the plaintiff the defendant has addressed to. this Court a general motion for a new trial.

The evidence would justify the finding that the plaintiff suffered a fall September 4, 1931, that about a week afterwards he called Dr. Harden, a local doctor, who found a discoloration and swelling of the scrotum which he diagnosed as a hydrocele resulting from the accident. Dr. Harden advised treatment in Boston, and there an operation was performed.

The real controversy is whether this condition was due to the accident or had been of long standing. Dr. Overholt, who took down the plaintiff's story, states unequivocally in his deposition that the plaintiff told him that he had had the swelling for a year. A letter from Dr. Overholt to Dr. Harden was introduced in evidence by the defendant. This was sent ultimately by the plaintiff to the insurance company for the purpose, as he says, of explaining the accident and the treatment which was given to him in Boston. Referring to the history of his condition as given by the plaintiff it contains the following statement: "He stated that he had a swelling in the left scrotum which had been present for two months." The evidence is convincing that the words "two months" were substituted by the plaintiff after the letter was in his possession for the words "one year." Miss Kelley, the secretary who typed the letter, produced the carbon and in this the time appears as one year. The modification appears to be in the plaintiff's handwriting and he admits that he might have made the change. Likewise introduced in evidence by the defendant was a certificate by Dr. Hicks of Boston, in which the cause of the plaintiff's condition was given as a hydrocele following a fall 54 days previously. This certificate came into the hands of plaintiff and by him was forwarded to the defendant. In this document the words "54 days" appear to have been inserted over an erasure, and the defendant claims, not without reason, that the certificate as originally written referred to the fall as having been a year previously.

On the face of the record it appears that the plaintiff altered one and possibly both of these documents. In his letter to the defendant, enclosing the letter from Dr. Overholt to Dr. Harden, the plaintiff said: "I know of no better way of explaining my accident and treatment at the Lahey Clinic and N. E. Deaconess Hospital than by enclosing to you the correspondence my family Doctor, Harden had with the Lahey Clinic during my stay at the hospital."

The true document contained a statement that the swelling had existed for one year. Under the circumstances this must be regarded as the plaintiff's own admission of the duration of this condition. So interpreting it, it seems clear that the plaintiff has not sustained the burden of proof which the law casts upon him, and the defendant's motion must accordingly be sustained.

*Motion sustained.*